UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 2 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **PAMELA MONTGOMERY BECKHAM** * <br> 2822 Clayebrook Drive * <br> Windsor Mill, MD 21244 * <br>   * <br> **Plaintiff,** * <br>   * <br>   * <br> v. * <br>   * <br> **NATIONAL RAILROAD PASSENGER** * <br> **CORPORATION** * <br> 60 MASSACHUSETTS AVE., SE. * <br> FOURTH FLOOR * <br> WASHINGTON, D.C. 20002, * <br>   * <br> **Defendant.** * <br>   * | Case: 1:08-cv-00172 <br> Assigned To : Collyer, Rosemary M. <br> Assign. Date : 1/29/2008 <br> Description: Employ. Discrim. <br><br> **JURY ACTION** |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION
SEEEKING COMPENSATORY AND PUNITIVE DAMAGES

**Introduction**

1. The Plaintiff, Ms. Pamela Montgomery Beckham, a current employee of Defendant National Railroad Passenger Corporation ("Amtrak") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. seeking redress for race discrimination and retaliation for her prior protected activities. Specifically, Ms. Beckham seeks relief for her employer's actions denying her the opportunity to compete for a director's job, denying reimbursement to her for educational tuition, and retaliating against her for being a member of a successful class action against the employer which ended in 2004.

1

**Jurisdiction**

2.  Jurisdiction in this matter is invoked pursuant to 42 U.S.C. §2000e-5(f), and 28 U.S.C. §§1331, 1343(4), 1346 and 1367 and pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction).

3.  All actions complained of herein involve a Plaintiff and a Defendant who have an employment relationship, the subject of this complaint. Many of the actions upon which this law suit relies have taken place within the District of Columbia.

**Parties**

4.  Ms. Beckham, a United States citizen, was employed by Defendant National Passenger Railroad Corporation ("Amtrak") since 1989. She began her employment with Amtrak as a train attendant and prior to her filing EEO complaints, Ms. Beckham's employment history with Amtrak has been blemish-free. Her current job title is Senior Analyst, a non-supervisory position located in Defendant's Mechanical Department. Ms. Beckham is a resident of Maryland.

5.  Defendant Amtrak is a railroad service headquartered in Washington, DC. Amtrak is an "employer" within the meaning of Title VII. Amtrak was Ms. Beckham's employer at all times relevant to this action.

**Statement of Material Facts**

6.  While employed by Defendant Amtrak, Plaintiff Beckham rose through the ranks from her initial hire as a train attendant. Currently, Ms. Beckham is a Senior analyst in the office of Service Standards.

7. In 1999, a class action was filed against Defendant Amtrak alleging race discrimination against African-American employees. The class action was resolved through a consent decree which continued until 2004. Mr. David Nogar was named in the class action, which alleged he was an official who practiced race discrimination against African Americans. He was the Senior Director of the Service Standards Division of Amtrak.

8. Ms. Beckham became a Senior Analyst in the Service Standards Division, working directly for Mr. Nogar.

9. While Mr. Nogar was her immediate supervisor, Ms. Beckham attended classes, seeking additional education to improve her performance. These classes are the type for which Defendant Amtrak generally reimburses its employees, through the Employee Benefits Division.

10. Mr. Nogar communicated with the Employee Development Division to inform them that Amtrak should not approve of the tuition reimbursement for Ms. Beckham. As a result, Plaintiff was denied reimbursement for her tuition expenses.

11. Other comparable employees of Amtrak who are white and/or who were not part of the class action or who had not otherwise filed EEO complaints against Amtrak have been reimbursed for their tuition expenses.

12. In 2005, Defendant posted a position which was intended to select Mr. Nogar's replacement as the Director of Service Standards. Mr. Nogar drafted the position description which did not accurately reflect the duties of the vacant job but rather included qualifications purposely intended to eliminate Plaintiff from consideration.

13. Defendant's Office of Human Resources reviewed and approved the faulty position description for the vacant position.

14.  Mr. Nogar selected a Caucasian applicant to fill the position, despite his knowledge that Ms. Beckham was a better qualified candidate. The person selected had not engaged in protected activity.

15.  Defendant has denied Plaintiff Beckham other benefits and favorable conditions of employment, including training and preferential work conditions, that were not denied to Caucasian co-workers and/or other co-workers who have not engaged in protected activities against Defendant Amtrak.

**Procedural History**

16.  In January, 2006, Plaintiff Beckham filed a formal charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) alleging disparate treatment and denial of promotion based on race and/or retaliation for her previous involvement in protected activities.

17.  The EEOC investigated the allegations of Plaintiff Beckham and determined that reasonable cause exists to believe that Defendant Amtrak committed violations of Title VII of the Civil Rights Act of 1964, as amended, based on race discrimination and retaliation.

18.  EEOC attempted to have Defendant Amtrak mediate the dispute with Plaintiff Beckham but Amtrak refused to engage in such government sponsored mediation.

19.  EEOC issued a Notice of Right to Sue to Plaintiff Beckham, upon which she relies in filing this timely civil action in federal district court. The Notice of Right to Sue is dated October 29, 2007.

## Causes of Action Against Defendant Amtrak

**COUNT I**     <u>**Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964.**</u>

On the basis of the actions and inactions alleged in paragraphs 1 to 19, Plaintiff Beckham asserts that, because of her race, Defendant has violated Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, in causing her harm.

**COUNT II**    <u>**Retaliation for Prior Protected Activities Involving Race Discrimination Pursuant to Title VII of the Civil Rights Act of 1964.**</u>

On the basis of the actions and inactions alleged in paragraphs 1 to 19, Plaintiff Beckham asserts that, because of her opposition to actions made unlawful by Title VII, Defendant has violated Section 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3, in causing her harm.

## Relief Requested

WHEREFORE, Ms. Beckham respectfully requests this Court to:

1. Issue a declaratory judgment that the acts and practices of Amtrak complained of herein violate federal laws;

2. Award Ms. Beckham actual damages for her lost wages, lost benefits and other lost compensation;

3. Award Ms. Beckham a promotion or promotions to restore her to the place in her career she would have obtained if not for Defendant's unlawful behavior;

4.  Award Ms. Beckham compensatory and punitive damages for each violation of Title VII;

5.  Award Ms. Beckham reasonable attorney's fees and litigation expenses incurred in this matter;

6.  Order any further relief this Court deems just and proper.

## Jury Demand

Ms. Beckham hereby asserts her right to a jury trial for each claim asserted herein.

Respectfully Submitted

Gary T. Brown
D.C. Bar No. 246314
Gary T. Brown & Associates
Suite 1000
1111 14th Street, N.W.
Washington, D.C. 20005
(202) 393-4900
Attorney for Plaintiff,
Ms. Pamela Beckham

JS-44
(Rev.1/05 DC)

Case 1:08-cv-00172-RMC   Document 1-2   Filed 01/29/2008   Page 1 of 2

CIVIL COVER SHEET

08-172
RMC

## I (a) PLAINTIFFS

PAMELA MONTGOMERY BECKHAM

96888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Baltimore
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gary T. Brown
1111 14th St. NW, Ste 1000
Washington, DC 20005

## DEFENDANTS

NATIONAL RAILROAD PASSENGER CORPORATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District Columbia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00172
Assigned To : Collyer, Rosemary M.
Assign. Date : 1/29/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⦿ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⦿ 4 |
| Citizen of Another State | ⦿ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*  OR  ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Title VII, Civil Rights Act of 1964, 42 USC 2000, Plaintiff seeks redress for racial discrimination and retaliation.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in compl:  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 1/28/08  1/29  SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.