UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

-------------------------------------------------------X
                              )

**PAMELA MONTGOMERY BECKHAM**    )
                              )

        **Plaintiff,**            )

        **v.**                    )   Case: 1:08-cv-00172
                              )   Assigned to: Collyer, Rosemary M.

**NATIONAL RAILROAD PASSENGER**  )   Assign Date: 1/29/08
**CORPORATION**                   )   Description: Employ. Discrimination
                              )   Next Event: Answer Due 4/29/08
        **Defendant.**           )

                              )
-------------------------------------------------------X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant"), by and through its undersigned counsel, hereby submits this memorandum of points and authorities in support of its Motion to Dismiss, under Fed.R.Civ.P.12(b)(1) and (6), any and all claims asserted against it in Plaintiff's Complaint, and states as follows:

## I.   INTRODUCTION

    Plaintiff Pamela Montgomery Beckham ("Beckham" or "Plaintiff") filed a Complaint against Amtrak alleging she has been discriminated against in violation of Title VII because of her race (African American) and in retaliation for her participation in an earlier lawsuit against

Amtrak.[1]  Specifically, Plaintiff alleges she was denied a promotion, tuition reimbursement, and vaguely stated conditions of employment for those reasons.

Plaintiff's Complaint should be dismissed.  First, Plaintiff has failed to exhaust her required administrative remedies prior to instituting this lawsuit.  Second, she failed to sufficiently state a claim with respect to her vaguely-worded allegations regarding various work conditions.

## II.    FACTS AS ALLEGED IN THE COMPLAINT

### A.    <u>Background</u>

Amtrak is a private corporation that provides railway transportation and services to passengers throughout the United States.  According to the Complaint, since September 1989 when Amtrak hired her as a Train Attendant, Beckham (then Pamela Montgomery) has "[risen] through the ranks" and is currently a Senior Analyst in Amtrak's office of Service Standards. <u>See</u> Complaint ("Cp.") at ¶ 6.  In 1999, a class action against Amtrak alleging race discrimination against African-American employees was filed and was resolved through a consent decree that expired in 2004. <u>See</u> Cp. at ¶ 7.

Beckham alleges that when working directly for Mr. David Nogar, she attended various classes, the tuition for which Amtrak generally reimbursed its employees. [2]  <u>See</u> Cp. at ¶¶8-9. She further alleges that Mr. Nogar worked to deny her reimbursement for tuition expenses for which other white, "comparable employees of Amtrak...have been reimbursed." <u>See</u> Cp. at ¶¶10-11.

---

[1] Although she doesn't specifically mention it in her present Complaint, the lawsuit she is referring to is <u>McLaurin, et al. v. National Passenger Railroad Corporation</u>, 98-cv-2019(EGS), in which she was a named plaintiff.

[2] The Complaint alleges that Mr. David Nogar, then Senior Director of Amtrak's Service Standards Division, was named in the class action as an official who practiced race discrimination.  In fact, his name appears nowhere in the 1999 class action Complaint.

Beckham also alleges that, in posting an opening for a Director position in 2005, Mr. Nogar included unnecessary and inappropriate qualifications in the position description in order to eliminate her from consideration. See Cp. at ¶12. Beckham alleges that Mr. Nogar hired a Caucasian applicant as Director, "despite his knowledge that Ms. Beckham was a better qualified candidate," and that the newly hired Director "had not engaged in protected activity." See Cp. at ¶14. Finally, Beckham alleges that Amtrak denied her "other benefits and favorable conditions of employment, including training and preferential work conditions, that were not denied to Caucasian co-workers and/or other co-workers who have not engaged in protected activities" against Amtrak. See Cp. at ¶15.

**B.    Procedural Background**

On January 26, 2006, Beckham filed a Charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), Philadelphia District Office, alleging that Amtrak's failure to promote her to Director violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e by discriminating against her on the basis of race and retaliating against her for her prior involvement in the McLaurin class action. Cp. at ¶16 and Exhibit 1 (EEOC Charge of Discrimination). Beckham also alleged that Amtrak discriminated and retaliated against her by denying her reimbursement for tuition expenses and affording her fewer opportunities and less favorable employment conditions than it afforded other employees. Id. The EEOC investigated Beckham's allegations and found probable cause that Amtrak may have committed discrimination. See Cp. at ¶17. The EEOC issued Plaintiff a Notice of Right to Sue on October 29, 2007. Cp. at ¶16.

III.   **ARGUMENT**

A.   **Legal Standard for a Motion to Dismiss**

A motion filed pursuant to Rule 12(b)(1) tests the Court's jurisdiction over the subject matter of the complaint.  "Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction," and where that failure is shown, a defendant's motion to dismiss should be granted.  Ajuluchuku v. Oswald, 2006 WL 325741 at *1 (D.D.C.) [No. Civ.A. 05-0732 (EGS)] ("Ajuluchuku I") (quoting Artis v. Greenspan, 223 F.Supp.2d 149, 152 (D.D.C.2002)). Notably, in considering a "Rule 12(b)(1) motion, the Court may rely on defendant's exhibits without converting the motion to one for summary judgment."  Ajuluchuku v. Accountemps of Robert Half International, 2005 WL 3201119 at *2, n. 1 (D.D.C.) [No. Civ.A. 05-0177 (EGS)] ("Ajuluchuku II") (citing Artis at 152, n. 1).  Put another way, when a Rule 12(b)(1) challenge addresses the underlying facts contained in a plaintiff's complaint, the "Court 'may consider materials outside the pleadings' to determine whether it has subject matter jurisdiction over the challenged case or claims."  Smith v. U.S., 518 F.Supp.2d 139, 144 (D.D.C. 2007) (quoting Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C.Cir. 2005).

Rule 12(b)(6) "tests the legal sufficiency of a complaint."  Medina v. District of Columbia, 517 F.Supp.2d 272, 277 (D.D.C. 2007) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C.Cir.2002)).  In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court "'must accept as true all of the factual allegations contained in the complaint.'"  Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Erickson v. Pardus, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)).  The court also "should 'grant plaintiffs the benefit of all inferences that

can be derived from the facts alleged.'" Id. (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir.1994)).

However, the Court need not "accept inferences drawn by plaintiffs if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiffs' legal conclusions." Id. (citing Kowal at 1276; Browning at 242).  Indeed, although it is not necessary for a plaintiff to make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, in order "to provide the 'grounds' of 'entitle[ment] to relief,' a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Id. (quoting Twombly at 1964-65; citing Papsan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

This Court may rely on Amtrak's exhibits in consideration of its Rule 12(b) motion. Ajuluchuku II (citing Artis at 152, n. 1); Malewicz v. City of Amsterdam, 362 F.Supp.2d 298, 305 (D.D.C. 2005); Alliance for Democracy v. Federal Election Com'n, 2005 WL 503729, at *3 (D.D.C. March 4, 2005).  Pursuant to this line of cases, Amtrak has attached to its motion several exhibits which demonstrate why Ms. Beckham's claims against Amtrak cannot stand.  Therefore, the Court should grant the instant Motion.

## B.    Plaintiff Failed to Exhaust Administrative Remedies and Her Race Discrimination and Retaliation Claims Must Be Dismissed

The "statutory scheme of Title VII requires a plaintiff to exhaust his or her administrative remedies before a civil action may be filed in federal court." Robinson-Reeder v. Am. Council on Educ., F.Supp.2d 6, 12 (D.D.C.2008).  "To do so, an aggrieved party must file a charge with the EEOC alleging that the employer has engaged in an unlawful employment practice," and that charge "'must be filed within a specified period (either 180 or 300 days, depending on the State) "after the alleged unlawful employment practice occurred."'"  Id. (quoting Ledbetter v.

Goodyear Tire & Rubber Co., Inc., --- U.S. ----, ----, 127 S.Ct. 2162, 2166, 167 L.Ed.2d 982 (2007) (internal citations omitted). When a party files directly with the EEOC, the EEOC charge must be brought within 180 days. 42 U.S.C. § 2000e – 5(e)(1), National Passenger Railroad Corporation v. Morgan, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2nd 106 (2002).

**1. Plaintiff's Allegations Regarding the
Director Position are Time-barred**

Although the Complaint alleges at ¶ 12 that Amtrak posted the Director position in "2005", that allegation is simply wrong. To the contrary, Amtrak posted the position on its website on October 25, 2004.[3] See Exhibit 2 (Posting for the Director's Position). Indeed, Plaintiff herself applied for the position on October 31, 2004. See Exhibit 3,(Plaintiff's Application for the Position). After reviewing applications and conducting the interview process, Amtrak hired Ms. Monika Sloane as Director on January 15, 2005. See Exhibit 4, (Sloane Letter of Hire).

In failure to promote cases, the date on which the employer hired an individual for the position desired by the allegedly aggrieved party, i.e., the date of the discrete act, is easily identifiable as the date on which the alleged unlawful employment practice occurred. Silver v. Leavitt, 2006 WL 626928, at * 7 (D.D.C.) (effective date of a personnel action is the date on which an employee was hired); Powell v. Castenada, 390 F.Supp. 1, 8-9 (D.D.C. 2005) (date of the failure to promote is identified as a particular day). Here, that date is January 15, 2005, the date on which Ms Sloane was hired. See Exhibit 4. Plaintiff did not file a Charge with the EEOC until January 26, 2006, or 376 days after the alleged unlawful hiring of Ms Sloane. See Exhibit 1. As the maximum allowable time for the filing a charge under Title VII is 300 days, Plaintiff clearly failed to meet this critical deadline. As a result, this Court is deprived of subject

---

[3] Please note that through much of the history of events relevant in this action, Plaintiff's name was Pamela Montgomery. Thus, on several of Amtrak's exhibits, her name appears as Pamela Montgomery.

matter jurisdiction over her failure to promote claim on the basis of race or in retaliation for participating in a protected activity. Ajuluchuku I at *1. Accordingly, Beckham's failure to promote claim should be dismissed. Id. at *2.

## 2. Plaintiff's Tuition Reimbursement Claims are Time-barred

Plaintiff alleges she took various classes to improve her performance, that such classes are the type for which Amtrak generally reimburses its employees for tuition expenses, and that Amtrak, through Mr. Nogar, denied her reimbursement. See Cp. at ¶¶9-10. Although she attempts to mask the timeliness problem inherent in her tuition reimbursement claim by not alleging dates, Plaintiff clearly failed to timely file this claim as well.

On July 20, 2004, Beckham requested reimbursement for tuition expenses for various classes. See Exhibit 5 (Educational Assistance Application). Ms. Barbara Hancock, an African-American woman who was a Director of Human Resources, denied Beckham's request on or about July 30, 2004. See Exhibit 6 (Email from Hancock to Montgomery); Exhibit 7 (Email from Hancock to Suzanne Allan describing the denial of Montgomery's request); and Exhibit 1 (stating that the request was denied in the summer of 2004). For Title VII purposes, the date of the alleged unlawful employment practice is on July 30, 2004, or, even being charitable, on some date thereafter during that summer. Plaintiff did not file her EEOC Charge on this claim until January 26, 2006, so even assuming that the denial of the tuition reimbursement request occurred at the end of summer 2004, the filing was well over 180 or even 300 days after Ms. Hancock's decision. See Exhibit 1. Accordingly, the Court should dismiss Beckham's race discrimination and retaliation claims with respect to any denied tuition for failure to timely file her Charge with the EEOC and consequent lack of subject matter jurisdiction.

**C.** **Plaintiff's Denial of Benefits Allegations Fail to State a Claim**

**1.** **Plaintiff Fails to State a Claim for Race Discrimination**

Plaintiff's allegations that Amtrak disallowed "other benefits and favorable conditions of employment" fail to state a claim because they fail to demonstrate an adverse employment action. Cp. at ¶ 15. In order for a plaintiff to state a prima facie case of disparate treatment employment discrimination, she must establish that: (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination. Brown v. Brody, 199 F.3d 446, 452 (D.C.Cir.1999). While it is true that "[a]ctions short of an outright firing can be adverse within the meaning of Title VII, … not all lesser actions by employers count" as adverse. Forkkio v. Powell, 306 F. 3d 1127, 1130 (D.C.Cir.2002). Unless an employee "experiences adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities," there is not a cognizable adverse employment action. Forkkio at 1131 (citing Brown at 457). Indeed, "[n]ot everything that makes an employee unhappy is an actionable adverse action." Jones v. Billington, 12 F.Supp.2d 1, 13 (D.D.C.1997). If a plaintiff does not allege facts to show that an employment action was adverse, she fails to state a claim upon which relief can be granted and will not be able to make a prima facie case of employment discrimination.

While Plaintiff vaguely alleges she was denied other benefits and favorable conditions of employment, such as unidentified "training" and unspecified "preferential work conditions", she does not point to any reduction in pay, benefits, job responsibilities, or any other substantial change in working conditions. Forkkio at 1132. The vagueness of paragraph 15 of the Complaint renders the allegations contained therein insufficient to state the "'grounds' of

'entitle[ment] to relief.'" Indeed, Plaintiff's nebulous reference to "benefits" and "preferential conditions" without any specifics whatsoever appears to be nothing more than an attempt to insert the required "labels and conclusions" she thinks suffice to state a claim. She fails in that attempt because such labels and conclusions, without more, are insufficient to state a claim. Chandler at 102 (quoting Twombly at 1964-65; Allain at 286). Accordingly, Beckham cannot survive Amtrak's motion to dismiss with respect to this allegation under Rule (12)(b)(6).

### 2.    Plaintiff Fails to State a Claim for Retaliation

Beckham does not allege facts in her Complaint sufficient to show a causal connection between her participation in the 1999 class action the alleged denial of "other benefits and favorable conditions of employment." In order for a plaintiff to establish a prima facie case for retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity (2) she suffered a materially adverse action by her employer and (3) a causal connection existed between her involvement in a protected activity and her employer's adverse employment action. Wiley v. Glassman, 511 F.3d 151, 155 (D.C.Cir.2007) (citing Brown at 452). Thus, if a plaintiff does not allege facts pointing to a causal connection, she necessarily fails to state a claim upon which relief can be granted, and she will not be able to make a prima facie showing of retaliation under Title VII.

A plaintiff may establish a causal connection "'by showing that the employer had *knowledge* of the employee's protected activity, and that the adverse ... action took place shortly *after* that activity.'" Velikonja v. Gonzales, 501 F.Supp.2d 65, 73 (D.C.Cir.2007)(quoting Mitchell v. Baldrige, 759 F.2d 80, 86 (D.C.Cir.1985) (emphasis added by Velikonja)). Beckham appears to allege that she was part of a class action in 1999. See Complaint at ¶7. However, she fails to allege that the denial of benefits and other conditions of favorable employment took place

within a temporal proximity to this action. This omission is fatal to her retaliation claim. Brodeski v. Duffey, 141 F.Supp.2d 35, 43 (D.D.C. 2001).

Beckham's failure to allege a causal connection is not the only problem with her argument that she was denied other benefits and favorable conditions of employment. As previously mentioned, her vague statements in paragraph 15, without more, fail to raise an inference of a possible "significant change in employment status" needed to demonstrate she suffered an adverse employment action. Brown at 456. While Beckham may not be happy with whatever Amtrak's actions were to which she alludes in paragraph 15 of her Complaint, her dissatisfaction or disagreement with Amtrak's actions are not sufficient to state and maintain a claim for retaliation. Because she does not adequately point to grounds for entitlement for relief, and because she fails to allege a significant change in her employment status, Beckham's retaliation claim against Amtrak regarding benefits and conditions of employment should be dismissed under Rule 12(b)(6). See Chandler at 102; Brown at 456.

## IV.    CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that its Motion to Dismiss any and all claims contained in Plaintiff's Complaint be granted.

Respectfully submitted,

TOBIN, O'CONNOR & EWING

By:___/s/ David C. Tobin_____
David C. Tobin, Esq. (D.C. Bar #395959)
Desmond T. McIlwain, Esq. (Via Pro Hac Vice Admission)
Forrest G. Read, Esq. (D.C. Bar # 494450; via Pro Hac Vice Admission)
5335 Wisconsin Ave., N.W., Suite 700

Washington, DC 20015
Tel:  (202) 362-5900
Fax:  (202) 362-5901
dctobin@tobinoconnor.com
dtmcilwain@tobinoconnor.com
fgread@tobinoconnor.com
*Counsel for Defendant National Railroad Passenger Corp.*

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2006-00374 |

| Delaware Department of Labor | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Pamela J. Montgomery** | **(410) 788-8445** | **11-16-1957** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2822 Claybrooke Drive, Windsor Mill, MD 21244** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **AMTRAK** | **201 - 500** | **(302) 683-2300** |

| Street Address | City, State and ZIP Code |
|---|---|
| **15 South Poplar Street, Wilmington, DE 19801** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | Earliest: **10-13-2005**   Latest: **11-07-2005** |
|---|---|
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify below.)* | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I believe I have been subjected to unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.**

**I am employed with Respondent as a Senior Analyst. My date of hire is September 1989.**

**I was a class member identified in a class action against Respondent. The issues raised were addressed in a consent decree which was effective beginning in 1999. The consent decree expired in 2004. I believe that the current difficulties I am experiencing are similar to those experienced prior to the issuance of the consent decree.**

**David Nogar, former Senior Director of Service Delivery and Monika Sloane, Director of Service Standards have subjected me to disparate treatment because of my race.**

**In the summer 2004 I submitted paperwork to Respondent's employee development program for tuition reimbursement. Mr. Nogar had to sign off on reimbursement for tuition paid toward my Masters degree. I challenged this and was told by Ms. Hancock that my supervisor had to approve it. Mr. Nogar refused to approve the reimbursement. Respondent's policy however indicates that I was entitled to receive reimbursement.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 26, 2006**   *Date*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2006-00374 |

| Delaware Department of Labor | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE *(Continued from previous page):*

**When?**

**Mr. Nogar denied me the opportunity to compete for the vacancy for which Ms. Sloane was selected. I was denied the opportunity to interview because I did not meet one of the requirements indicated on the job posting. Upon information and belief, I was not selected because I lacked graphics skills as Mr. Nogar wanted the selected individual to be able to come into the job up and running. More specifically, 85% if the job was graphics 15% service standards. Ms. Sloane, the successful candidate was not able to perform the functions of the job and spent much of her time training and taking courses which allowed her to perform her duties.**

**Subsequently, Respondent through Mr. Nogar and Ms. Sloane have subjected me to discrimination when I have been denied terms and conditions of employment afforded to my peers. More specifically, Ms. Sloane denied me the opportunity to train while she allowed a colleague, Russell Fox, to take training, I am not allowed to work at home while co-workers under her supervision are allowed to work at home.**

**Mr. Nogar has assumed a position in another department. In an attempt to ameliorate the professional relationship between Ms. Sloane and myself; I met with my supervisor after Mr. Nogar's departure. In that meeting Ms. Sloane revealed to me that the issues that I raise in my complaint were exacted at me by Ms. Sloane at the direction of Mr. Nogar.**

**I allege that the treatment I have received over the course of the last several years are retaliation for participating in a protected activity; identified as a class member in the consent decree.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 26, 2006**<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Amtrak - Search Results



## Job Description

New Search

**Job Reference #50184625**
**Amtrak - Delaware-Wilmington - Dir Service Standards & Ops - eff 10/25/04**

POSITION: Director Service Standards & Operations
DEPARTMENT: Service Delivery
LOCATION: Wilmington, DE
BAND/ZONE SALARY: D1 $57,500.00 minimum
POSITION NO: 50184625

INTERNAL AND EXTERNAL APPLICANTS

DUTIES:
        Directs the ongoing development, implementation and mangement of consistent, system-wide on-train and stations Service Standards that will govern most aspects of Amtrak's service delivery operations. The position will lead a work group that will meet on-train and station service needs with the appropriate process/policy development and instructions issued to employees to provide for a good quality, continuously improving, Amtrak product delivery.
        An integral part of of the position's responsibilities is the ability to perform all of the required graphic design work related to the Service Standards manual and other publications for the department in preparation for printing and uploading to the Amtrak Intranet.
        This position has ultimate responsibility for the management, of all functions related to the development, production, distribution and maintenance of on-train and stations Service Standards manuals, and related Updates and Advisories. This includes effectively working with contract printing vendors and Amtrak Technologies to ensure that quality standards, deadlines and associated budgets are met.
        The position also has the responsibility for developing practical applications in using technology for conveying information to frontline employees, including the management of employee VPN access, PDA use, and the development of innovative electronic documents (e.g., use of imbedded streaming audio and video where appropriate).
        Responsible for managing all service contracts.

EDUCATION: Must have a bachelor's degree in Business Administration, Transportation, Graphic Design or related field, or the equivalent combination of education, training and/or experience. An advanced degree in Business Administration, Transportation, Graphic Design, Information Technologies or related field is preferred.

WORK EXPERIENCE: Positively must have demonstrated experience in graphic design and project management with a verifiable track record. Must have management experience relevant to service operations. Digital video production and technical editorial experience is a plus. Relevant management experience in a service operations environment is a further plus.     

OTHER REQUIREMENTS: Must be proficient in using all of the capabilities of Quark, Adobe InDesign, Photoshop, Illustrator, PageMaker and other related graphic design software. Some experience with video editing software such as Adobe Premiere, After Effects or Apple Final Cut Pro is also required. Must have the capability of being able to author and produce CD-ROM's and DVD's. Prior

Amtrak - Search Results

satisfactory job performance required.

COMMUNICATION AND INTERPERSONAL SKILLS: Written, oral and
interpersonal skills are essential to the success of the position
and must be superior in all areas. This is an absolute requirement.

SUPERVISORY RESPONSIBILITIES: Position supervises 2 employees.

TRAVEL: 20%.

INTERNAL AMTRAK EMPLOYEES MUST COMPLETE A JOB OPPORTUNITY
APPLICATION TO APPLY FOR THIS POSITION.

|  |  |
|---|---|
| **Salary Range:** | $57,500.00 - $130,000.00 / Annually |
| **Salary Band:** | D1 |
| **Last Date to Apply:** | 2004-11-01 |
| **Years of Experience:** | 5 - 10 |
| **Specialty:** | Service Delivery |
| **Employment Type:** | Direct Hire, Full Time |
| **Travel Requirements:** | Low |
| **Relocation Benefits may Apply:** | No |
| **Classification:** | Non-Agreement |
| **Referral Bonus:** | 1850 pts |



AMTRAK is an equal opportunity employer committed to employing a diverse workforce.
Internal AMTRAK employees must complete a job opportunities application to apply for positions.
© Copyright 2001 TeamRewards.com. All Rights Reserved.
Go to AMTRAK

Received by Human Resources

# Job Opportunity Application

**For use by Current Amtrak Employees Only**
Applicants possessing the best combination of current skills and past job performance will be invited to interview for available positions. Only candidates with at least one year in their current position will be considered for other positions.

Title of Position Desired:
**Director Service Standards & Operations**
Posting Notice Number:
**50184625**
Location:
**Wilmington DE**

Please complete all information and submit this form to arrive at your nearest Human Resources Office on or before the posting's expiration date. This form does not allow you to spell check your data. For extensive text, you may want to compose your text in another document and cut and paste it into this form. Attach additional sheets if not enough room is provided for your data.

## PERSONAL INFORMATION

| | |
|---|---|
| Name: **Pamela Jane Montgomery** | Social Sec. No.: **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** |
| Street Address: **2822 Claybrooke Drive** | Home Tel. No.: **410-265-8305** |
| | Work Tel. No.: **302-683-2127** |
| City: **Windsor Mill**   State: **MD**   Zip: **21244** | Assigned Work Hours: **7:00a.m. - 4:00p.m.** |
| Work Location: **Wilmington, DE** | Assigned Work Days: **Monday - Friday** |

## EDUCATION

| Level | Did You Graduate? | Dates From/To | Degree/Major | School Name | Location/City/State |
|---|---|---|---|---|---|
| High School | ☐ Yes ☒ No | From: 09 / 1972 To: 06 / 1974 | Academic | Uniondale H.S. (Received GED) | Uniondale, NY |
| College | ☒ Yes ☐ No | From: 10 / 18 / 2002 To: 06 / 16 / 2004 | Organizational Management (BA) | Cabrini College | Radnor, PA |
| Graduate School | ☐ Yes ☒ No | From: 08 / 27 / 2004 To: / / | Business and Technology Management | Villa Julie College | Stevenson, MD |
| Vocational School | ☐ Yes ☐ No | From: / / To: / / | | | |
| Other | ☒ Yes ☐ No | From: 01 / 1979 To: 06 / 1981 | Associates in Liberal Art (AA) | Nassau Community College | Garden City, New York |

## PRESENT JOB STATUS

| | | | | |
|---|---|---|---|---|
| Present Job Title: **Program Manager Service Standards & Ops** | | Band/Zone **C-2** | Last Performance Rating: **4.30** | Date of Last Rating: **10 / 01 / 2003** |

Supervisor's Name:
**David Nogar**

Supervisor's Title:
**Senior Director Service Delivery**

May a Human Resources Department representative contact your supervisor regarding your interest in this position?
☒ Yes ☐ No    Supervisor's Telephone No.: **302-683-2052**

## HUMAN RESOURCES USE ONLY – DO NOT ENTER DATA IN THIS SECTION

| Entered | | Forwarded | |
|---|---|---|---|
| Date: | By: | | Date: |
| By: | To: | | |

Note: It is the policy of the National Railroad Passenger Corporation to offer all employment opportunities without regard to race, color, religion, gender, age, national origin, disability, or veteran status.

NRPC 1764 (10/01) MSWord Template

966 21049

- 1 -

## AMTRAK EMPLOYMENT HISTORY (List Current Position First)

| Dates From/To | Position Title | Supervisor and Department | Major Duties |
|---|---|---|---|
| From : 02 / 15 / 2002<br>To: / / | Program Manager Service Standards & Operations | David Nogar Service Delivery | Work with all seven Divisions to implement policies and procedures as it relates to on-train employees. Maintain service standards manual and post OSUs and OSAs to Amtrak's intranet. |
| From : 06 / 01 / 2000<br>To: 02 / 15 / 2002 | Project Manager AFCS | Kevin Scott Service Delivery | Managed all aspects of operational budget of the Automated Fare Collection System (AFCS). Responsible for training frontline employees and working closely with Motorola. |
| From : 05 / 31 / 1995<br>To: 06 / 01 / 2000 | Service Manager | Thom Chawluk NorthEast Direct Product Line | Responsible for service related issues, annual budget, OTP, crew briefings, hiring, investigations, annual & quartly D&E testing, scheduling & respond to letters of complaints |
| From : 03 / 31 / 1992<br>To: 05 / 31 / 1995 | Conductor | Don Savidge | Safe train movement, OTP, on-board fare collection, boarding, detraining, briefing crewmembers, overall customer satifaction. |

## OTHER EMPLOYMENT HISTORY

| Dates From/To | Position Title | Company | Major Duties |
|---|---|---|---|
| From : 03 / 26 / 1989<br>To: 03 / 31 / 1992 | TA, SA, LSA and FS | Amtrak On-Board Service Department | Responsible for boarding and detraining passengers, passeger seat assignment, ensuring first class service in sleeping car, Dining Car, Café Car, Club and Sleeping Cars. |
| From : / /<br>To: / / | | | |
| From : / /<br>To: / / | | | |

## RELATIVES AT AMTRAK

Do you or your spouse have any relatives currently employed at Amtrak?  ☒ Yes    ☐ No

If yes, you must complete the following information about these relatives.

| Name | Relationship | Position/Department | Location |
|---|---|---|---|
| Alice L Winston | Sister | Conductor/Transportation | Washington, DC |
| Joy Edwards | Daugther | Ticket Agent/Passenger Service | Houston, TX |
| LeRoy Edwards Jr. | Son | Signal Maintainer/C&S | Perryville, MD |

## APPLICANT'S QUALIFICATIONS

This form does not allow you to spell check your data.  For extensive text, you may want to compose your text in another document and cut and paste it into this form.  The field below will expand to allow 5,500 characters. Attach additional sheets if necessary.

Please explain how you fulfill the posted skills and experience requirements for this position.
A solid background in customer service coupled with 15 years of railroad operational experience makes me the ideal candidate for the position. Knowledge of FRA rule, a DSLE class 43 supervisor, NORAC, CFR qualified Also, qualified on PCs between WAS and NYP. As a Service Manage I was responsible for equipment and crew manipulation primarily during service disruptions. Monitored and worked closely with frontline employees to ensure OTP complaince, reducing employee injuries by having quarterly safey briefing and blitz. Also responsible for the NYP NortheastDirect annual budget. In my present position as Program Manager, Service Stanadards & Operations my responsibilities include and limited to editing and maintaining the Service Standards Manual for Train Service and On-Board Service employees. Presently attending Villa Julie College enrolled in a computer graphic coures Introduction to Qurak Xpress 6.1, Adobe Illustrator and Photoshop. Presently, work wih Homesite application for posting OSUs and OSAs to Amtrak's intranet.

## SIGNATURE

PLEASE READ THIS CAREFULLY:

I certify that all information on this Job Opportunity Application is true.  I understand and agree that if employed in a nonagreement position my employment and compensation can be terminated with or without cause, and/or without notice, at any time, at the

### Additional Information for Amtrak Job Application

Pamela J Montgomery

Director Service Standards & Operations
Posting Notice Number: 50184625

Relatives at Amtrak:

| Name | Relationship | Position/Department | Location |
|---|---|---|---|
| Willie R Perry | Nephew | Signal Maintainer/C&S | Oakland, CA |
| Evelyn F Winston | Sister | On-Board Service | New York, NY |

**Applicant's Signature**

4

2822 Claybrooke Drive
Windsor Mill, MD 21244
Posting Notice 50184625

410-265-8305
Fax 410-265-7230
E-mail
montgop@amtrak.com

# Pamela J Montgomery

| **Summary of qualifications** | 2002 – Present | Amtrak | Wilmington DE |

**Program Manager Standards & Operations**

- Edit Service Standards Manual for Train Service and On-Board Service Employee. In addition, responsible for maintaining the manual bi-annually.
- Draft and Distribute Operations Service Updates (OSUs) and Service Advisories (OSAs) system wide. Post all documents to Amtrak's intranet for download.
- Co-manage a 1.5 million dollar budget. Work with outside vendors to ensure a quality product (i.e., the manual and CDs).
- Work with all seven Divisions to ensure implementation standards, policies and procedures.

2000-2002                                                                 Wilmington DE

**Project Manager**

- Assisted with the development to level of response for the Emergency Response Team.
- Administered requirements for the code share partnership with Iceland Air and Continental Airlines.
- Assisted with development of CMI 33 audit process for conductor's audits and remittances.
- Aided with the development and management of the operational budget for the Automated Fare Collection System (AFCS) training staff. Also negotiated with vendors as part of the project.
- Designed a training program for end users for the AFCS project.

1995-2000                                                                 New York NY

**Service Manager**

- Oversaw the budget for conductors, lead service attendants and en-route cleaners as to reduce excessive costs.
- Monitored OTP and employees' injury reports.
- Performed required FRA mandated quarterly efficiency test (1872's) and D&A testing of employees.
- Accompanied Crew Management, with establishing jobs and couplets for schedule changes.
- Developed and implemented en-route cleaners' position.
- Established a command post to utilize crews and equipment in response to service disruptions.
- Hired (also terminated) conductors and on-board service personnel for New York's crew base.
- Received and responded to passengers letters of complaint.

**Other Qualifications**

- NORAC and PC Qualified.
- Charging Officer.

| **Education** | 2002 - 2004 | Cabrini College | Radnor PA |

BA in Organizational Management

NATIONAL RAILROAD PASSE    . CORPORATION
30th Street Station, Philadelphia, PA 19104



December 21, 2004

**MS MONICA SLOANE**
**1295 N PROVIDENCE ROAD**
**A101**
**MEDIA PA   19063**

Dear MS SLOANE:

I am extremely pleased to extend Amtrak's offer of employment to you as Director Service Standards & Operations. The specifics of this offer are as follows:

* Effective January 16, 2005, you will begin your employment at Amtrak at an annual salary of $75,000.00 to be earned and paid twice monthly.

* Under Amtrak's ChoicePlus Program, you will have the opportunity to make your elections under a flexible benefits arrangements. Flexible dollars are calculated for each employee, and will be based on your age and salary. Benefits included in the flexible benefits program are: medical, dental, employee life insurance, dependent life insurance, accidental death & dismemberment, health care, dependent care and commuter reimbursement spending accounts. Information regarding the amount of your flexible dollars will be calculated and provided to you within two weeks after you begin your employment. These benefits and all related payroll deductions will be retroactive to your start date. You may contact the Benefits Service Center directly, 1-800-481-4887, for additional information.

* You will also be eligible for other benefits, including short- and long-term disability insurance.

* You are eligible to participate in the Amtrak Retirement Savings Plan 401(k), upon receipt of your enrollment package from Vanguard, which is usually within two weeks of your date of hire. Amtrak will match dollar-for-dollar, up to five percent of your salary, on a pre-tax basis.

* You will be eligible for two weeks of vacation and two personal holidays in calendar year 2005.

* As a railroad employee, you will be covered by the United States Railroad Retirement system, a two-tier retirement plan, rather than Social Security. Tier one is equivalent to the current 6.20% social security tax; tier two requires an additional 4.40% of earnings.

* You, your spouse and dependent children will be eligible for unlimited rail travel as outlined in Amtrak's Pass Policy.

* This offer of employment is contingent upon you successfully passing the routine background investigation and pre-employment physical examination, which is required of all Amtrak hires. I will arrange for your pre-employment physical at a medical facility convenient to you. In order to expedite the background investigation process, I have enclosed several forms for you to complete and return to me with a signed copy of this letter.

* Your employment is at will and can be terminated at any time by either you or Amtrak.

On your first day of employment, please come to the Human Resources Office, 30th Street Station, 2nd Floor South, Room 248, Philadelphia, PA 19104 at 9:00 am. for an orientation of your benefits. In order to verify employment eligibility, as outlined by INS guidelines, please bring your driver's license and social security card or U.S. Passport; or any other documents that establish your identity and employment eligibility. In addition, please bring a passport quality, color photo of yourself no larger than 2 1/2 inches by 2 1/2 inches. This photo will be used to produce your Amtrak employee identification badge, which you are required to wear at all times while on Amtrak property.

Normal work hours are from 8:30 am. to 5:00 pm., Monday through Friday, subject, of course, to your own arrangements with your supervisor.

We are delighted to extend this offer of employment to you, and look forward to you joining our team. Please accept my congratulations on your decision, and welcome aboard!

Sincerely,

Sheila Davidson
Human Resources Department


My signature and return of this letter signify my acceptance of this offer of employment.

_____          Dec 24/04
Name                                Date

NO. 822     P. 2 001/012

APR. 6. 2006 10:23AM 02 gu AMTRAK     AN RESOURCES

NATIONAL RAILROAD PASSENGER CORPORATION

**AMTRAK**

| | | | From | Pamela J Montgomery |
|---|---|---|---|---|
| Date | July 20 2004 | | Department | Amtrak's Service Delivery |
| To | Barbara Hancock | | Subject | Request for educational assistance |
| Company | Office of Career Development | | Number of Pages | 12 |
| Fax Number | 202-906-0110 | | | |

Message

Ms. Hancock,

For your review and approval, please find attached my request for educational assistance. Classes start August 23, 2004 at which time I will began to work toward earning a Master's Degree in Business and Technology Management.

I have completed and signed the required *Educational Assistance Application*. In addition, enclosed is a copy of the school's (Villa Julie College of Graduate and Professional Studies) accreditation. Additionally, included are an additional page of course (courses that are not found on the first page due to insufficient fields) description and a copy of my latest transcript from Cabrini College.

As you requested also enclosed is a statement of how this degree/courses will enhance my present position and future employment opportunities at Amtrak.

As always thanks for your time and effort.

Best regards,

Pamela J Montgomery

Senior Analyst National Standards & Operations
15 South Poplar Street,
First Floor, Wilmington, DE 19801
ATS 734-2127
Bell 302-683-2127
Fax 302-683-2346
montgop@amtrak.com

cc Cindy Lowe

**AMTRAK**
**HUMAN RESOURCES**

**JUL 2 1 2004**

**NEW ENGLAND**
**DIVISION**

NATIONAL RAILROAD PASSENGER CORPORATION

Page 1 of 2

# Memo



| | | | |
|---|---|---|---|
| Date | 07/20/04 | From | Pamela J Montgomery |
| To | Barbara Hancock | Department | Service Delivery |
| | | Subject | Educational Assistance Requested |
| | | cc | Cindy Lowe |

Soc. Sec. No. 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

Employee I.D. No. 00039880

Ms. Hancock,

The following letter is for your consideration of my acceptance in the educational assistance program. At present I work with all seven Divisions to write and implement policies for Train Service, On-Board Service (OBS) and Station Service personnel. Train Service and OBS employee's policies are immediately incorporated into the *Service Standards Manual for Train Service and On-Board Service Employees* and consecutively posted to Amtrak's intranet (a function I am solely responsible for). Station Service information is also posted to Amtrak's intranet, however there is no physical manual as of date. However I have posted several chapters on Amtrak's intranet. Posting this information allows on-train and station employees to view and/or download (as an electronic document) information onto their personal computer or Pocket PC. You can view all posted Operation Standards Updates, Operations Service Advisories and the *Service Standards Manual No. 2* or Station Standards individual chapters by positioning the cursor on "Library", then clicking on "Service Standards" in the dropdown menu.

In addition, to posting the information to the Service Delivery website I've also re-designed and created a template for others in my department to use. Two and a half years ago I was totally ignorant to "html", yet today I am quite proficient (these responsibilities were inherited due to the last organizational change) although I never received professional training (I did, however, receive initial training from John Pfotzer of Amtrak's Technology) as this course would allow.

Receiving a degree in Business and Technology Management would greatly enhance my ability to post (Information and documentation) design and create information to the Service Delivery website. Additionally, it will provide me with the capability to work without the assistance of Amtrak's Technology department and outside vendors (to avoid the cost of $30k to Service Delivery annually).

As I become proficient in the area of technology I see myself as an asset to any department within the organization. A Master's Degree should allow me to hold a position as a programmer, client server or one who manages a group of individuals that are working on any technology project.

I ask that you accept this letter and the documentation accompanying it for review and approval for assistance with my Master's Degree in Business Technology Management, at Villa Julie College.
As always thanks for your time and effort.

Pamela J Montgomery
Senior Analyst National Standards & Operations
15 South Poplar Street,
First Floor, Wilmington, DE 19801
ATS 734-2127
Bell 302-683-2127
Fax 302-683-2346
montgop@amtrak.com

APR. 6. 2006 10:23AM  AMTP  HUMAN RESOURCES                    NO. 822    P. 002/012

 **AMTRAK**

# Educational Assistance Application
Page 1 of 2

## Request for Approval Procedures

**Degree Programs**
Thirty (30) days PRIOR to registration, submit fully completed application along with copies of school accreditation, course description, and a summary of all courses required for the degree program to your local Human Resources Office (see page 2). After receiving your approved application from Human Resources, you are not required to re-apply for course approval during the degree program UNLESS the degree program or school changes. Submit grades and paid receipts (as each course is completed) for reimbursement to your local Human Resources Office.

**Non Degree (job related, certificate/licensing) Programs:**
Thirty (30) days PRIOR to registration submit fully completed application along with copies of school accreditation, tuition and fee schedule, and course descriptions to your local Human Resources Office (see page 2). If approved courses are unavailable at enrollment, submit a new application, course description and memo explaining circumstances immediately upon enrollment.

## Employee Data
**Prior to completing this form, refer to the Educational Assistance Policy (available on the Amtrak Intranet).**

| Employee Name: Pamela Jane Montgomery | Soc. Sec. No 058 - 54 - 7213 | Employee I.D. No. 00039880 |
|---|---|---|
| Employee's Telephone Numbers Work ATS: 734 - 2127    Work Bell: 302 - 683 - 2127    Home: 410 - 265 - 8305 | | |
| Home Street Address 2822 Claybrooke Drive | City Windsor Mill | State Zip MD 21244 |
| Title Senior Analyst National Standards & Operations | Department Service Delivery | Work Location Wilmington DE |
| Supervisor's Name: David Nogar | Supervisor's Telephone Numbers. Work ATS: 734 - 2052    Work Bell: 302 - 683 - 2052 | |

## School/Course Information

| Name of School, College or University Villa Julie College of Graduate & Professional Studies | |
|---|---|
| Have you taken courses under the Educational Assistance Program in the past? ☒ Yes ☐ No | Type of Enrollment (check one) ☐ Job Related  ☐ Certificate/License Program (Type) _____ Degree Program: ☐ Undergraduate  ☒ Graduate Major:  MS Business and Technology Management Other: |

| When will you graduate or receive your Certificate? Anticipated year: May 2006 | Date Semester Begins 08 / 23 / 2004 | Date Semester Ends 12 / 18 / 2004 | ☒ Original Request ☐ Substitution for course(s) already approved for the current semester |
|---|---|---|---|

| Course Title (attach additional sheet if needed) | Course Number |
|---|---|
| Information Technology & the Organ | AIT 601 |
| Open Systems & Enterprise Computing | AIT 602 |
| Cognitive Science for Requirements | AIT 604 |
| Creativity in Information Systems | AIT 606 |
| Project Management | AIT 644 |

**Enrollment Purpose:**
The aforementioned courses will provide a greater understanding of html, Adobe and other programs and file documents that are required for use in web design. As the individual (in the Service Delivery Group) solely responsible for maintaining, posting and designing the Service Standards web site I believe that a degree/classes will allow for tremendous growth. In addition, receiving a Master's Degree provides an opportunities for advancement in other departments within the organization.

NRPC 1877 (09/03)

APR. 6. 2006 10:23AM AMTRAK HUMAN RESOURCES

# Educational Assistance Application

Page 2 of 2

| Employee Name: | Soc. Sec. No. | Employee I.D. No. |
|---|---|---|
| Pamela Jane Montgomery | 058 - 54 - 7213 | 00039880 |

## Request for Reimbursement Procedures

Within 90 days of satisfactory completion of approved course(s), submit copy of ORIGINAL itemized receipts and grades to your local Human Resources Office (indicated below) for reimbursement. Your reimbursement will be processed within 6 weeks from date of receipt.

**Central Division**
Amtrak – Human Resources
Educational Assistance Programs
525 W. Van Buren, 3rd Fl.
Chicago, IL 60607

**New England, New York**
**Mid Atlantic and Southern Divisions**
Amtrak – Human Resources
Educational Assistance Programs
253 Summer Street, Suite 204
Boston, MA 02210

**Pacific and Southwestern Divisions**
Amtrak – Human Resources
Educational Assistance Programs
810 North Alameda Street, Rm 202
Los Angeles, CA 90012

**Headquarters**
Amtrak – Human Resources
Educational Assistance Programs
60 Massachusetts Avenue, NE
Washington, DC 20002

## Employee Acknowledgement/Signature

I acknowledge that the decision to enroll in this program is voluntary and was initiated without guarantee of promotion, pay increases or transfer by the company. I understand that if my application is approved, the appropriate reimbursement will be made upon submission of official grade report, receipt(s) for tuition, registration and lab fees within 90 days of completing the course(s).

I am eligible for reimbursement only if I have obtained approval prior to registration and remain in an active employment status throughout the course of study. Amtrak will not duplicate tuition assistance from other source(s) i.e., VA, grant, scholarship, award, etc. Amtrak has my permission to contact the school to verify any information concerning my enrollment/reimbursement of courses, if approved under the Educational Assistance Policy.

I acknowledge that my non-enrollment in school for an academic year (e.g. September to August) signals my non-participation in the Educational Assistance Program; and I will be required to re-apply in order to resume participation in the program.

I also acknowledge that if I voluntarily resign from Amtrak within one year of receiving tuition reimbursement, I will be responsible for repaying a pro-rated portion of all monies reimbursed to me over the previous 12-month period preceding my resignation from Amtrak. I further agree that Amtrak may withhold these amounts from my paycheck and/or other pay and benefits to which I might otherwise be entitled in an amount not to exceed the pro-rated portion owed.

| Employee's Signature: | Date: 07 / 20 / 2004 |
|---|---|
| Personnel Approval | Date: / / |

**Instructions:**
After approval, make one copy.    Original – Educational Assistance File:    Copy - Employee

NRPC 1877 (09/03)

Page 1A of Course Title (additional sheet)

**Educational Assistance Application**

| Employee Name:<br>Pamela Jane Montgomery | Soc. Sec. No.<br>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 | Employee I.D. No.<br>00039880 |
|---|---|---|

| Additional Course Titles | | Course Number |
|---|---|---|
| Independent Study | (May Intercession '05) | 650 |
| Customer Relationship Management | (Summer '05) | 666 |
| E-Commerce Technologies | (Fall '05) | 643 |
| Supply Chain Management | (Fall '05) | 645 |
| Operating Environment: Architecture & Infrastructure (Spring '06) | | 640 |
| Principles of Software Engineering | (Spring '06) | 641 |
| | | |

| Employee's Signature: *Ms. Pamela Montgomery* | Date: 07/20/2004 |
|---|---|

**Stagger, Carolyn**

**From:** Hancock, Barbara
**Sent:** Friday, July 30, 2004 2:34 PM
**To:** Montgomery, Pam
**Subject:** Pam, I tried to reach you a short while ago, but your mailbox is full and wouldn't allow me to leave a message. Call me.

## Davidson, Sheila

| | |
|---|---|
| **From:** | Allan, Suzanne |
| **Sent:** | Tuesday, September 27, 2005 3:53 PM |
| **To:** | Davidson, Sheila |
| **Subject:** | FW: question from Boston |

FYI.....see response below

**From:** Hancock, Barbara
**Sent:** Tuesday, September 27, 2005 3:38 PM
**To:** Allan, Suzanne
**Subject:** RE: question from Boston

Suzanne, Pamela Montgomery was not approved for the Masters Degree in Business Technology Mangement. I spoke with Dave Nogar, her supervisor at that time, regarding whether or not this degree would assist her in her job performance. Mr. Nogar said that it would not, and was very specific about Pam's role/job responsibilities in the department. Since I know Pam personally, I spoke directly with her; and based on Mr. Nogar's input, provided Pam with alternative programs, which included a certificate program, that were more in line with her job responsibilities.

As information, Suzanne, many employees apply for advanced degree programs that are related to information/technology management. As you and I know, a degree without the requisite skills/abilities does not always provide a "ticket", especially in the area of information technology. In all of these instances, I consult with their supervisors on the merits of their request, with a primary focus on the use of that degree in the employee's current position, as stated in the policy.

Please let me know if you have any other questions.

-----Original Message-----
**From:** Allan, Suzanne
**Sent:** Tuesday, September 27, 2005 2:27 PM
**To:** Hancock, Barbara
**Subject:** question from Boston

Hi Barb, hope all is well. Can you do me a favor and see if you have any record of approving or denying Pamela Montgomery for a Masters Degree in Business and Technology Management?

I see in her file she wrote a letter on 7/20/2004 to you requesting an approval but I don't see anything subsequent to that correspondence nor do I see any reimbursement requests after June 2004.

Thanks
Suzanne

p.s. hope to have the job filled soon. Suz

9/27/2005