UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

```
------------------------------------------------------------X
                                                            )
PAMELA MONTGOMERY BECKHAM,                                  )
                                                            )
            Plaintiff,                                      )
                                                            )
       v.                                                   )   Case: 1:08-cv-00172
                                                            )   Judge Rosemary M. Collyer
NATIONAL RAILROAD PASSENGER                                 )
CORPORATION,                                                )
                                                            )
            Defendant.                                      )
                                                            )
------------------------------------------------------------X
```

**NATIONAL RAILROAD PASSENGER CORPORATION'S REPLY**
**MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendant National Railroad Passenger Corporation's ("Amtrak" or "Defendant"), by and through its undersigned counsel, hereby submits this memorandum in reply ("Reply") to plaintiff Pamela Montgomery Beckham's ("Beckham" or "Plaintiff") Opposition to Amtrak's Motion to Dismiss ("Opposition"), and states as follows:

**I.   PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES IN A TIMELY FASHION.**

Predictably, Plaintiff states in her Opposition that she exhausted all administrative remedies available to her in compliance with those procedures outlined in Section 706 of Title VII, 42 U.S.C. §2000e-5. Unfortunately for Plaintiff, her Charge Questionnaire (Form 283) of November 10, 2005 was not sufficient to be considered a "Charge" for purposes of meeting the 300-day timeline, and there is a record demonstrating that any documentation that could possibly be considered a Charge was filed well more than 300 days after Amtrak's alleged discriminatory actions for failing to promote her and denying her reimbursement for training classes.

      **A.     Plaintiff's November 10, 2005 Charge Questionnaire Is Legally Insufficient To Satisfy the Procedural Requirement.**

As Plaintiff states in her Opposition, the Supreme Court, in a decision concerning what constituted a "Charge" in an action under the Age Discrimination in Employment Act, recently stated that "[i]n addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Federal Express Corp. v. Holowecki, 128 S.Ct. 1147, 1157-58 (2008). After so defining what constitutes a Charge, the Court made clear that filing a Form 283 is not enough. The Court stated that the Equal Employment Opportunity Commission properly construed respondent's completed questionnaire as a request for the agency to act because respondents had supplemented it with a six-page affidavit indicating her unequivocal intent to have assistance from the EEOC when she asked the agency to "'[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of *Best Practice/High-Velocity Culture Change*.'" Id. at 128 S.Ct. 1159-60.

In this case, unlike in Holowecki, Plaintiff's "Charge Questionnaire" was not appended with any lengthy affidavit or detailed description of her complaints. See Opposition, Exhibit 1. Further, although Plaintiff described Amtrak's alleged discriminatory actions and the resulting harm she supposedly suffered, she left the section in the questionnaire where a complainant is asked to "explain why" she believes the alleged action was taken against her because of her race completely blank and unanswered. Id. Indeed, far from affirmatively requesting that the agency "activate its machinery and remedial processes," Holowecki at 1158, she failed to connect, or describe the connection of, any alleged discriminatory action to her race.

In her Opposition, Plaintiff suggests that her appointment to provide more information to the EEOC at a later date than the Charge Questionnaire was submitted as well as the EEOC's subsequent investigation and determination of her allegations are relevant to whether she timely met the requirements of the 300-day period. Such factors are not dispositive of her position that she met the procedural requirements by filling out her questionnaire within the 300-day window on November 10, 2005, and only point to the fact that at some later point in time, she made a filing that met procedural requirements.

In fact, a Freedom of Information Act (FOIA) request of the EEOC investigative file reveals that not until December 21, 2005, did Beckham notify EEOC that she wanted to file a Charge and demonstrate her desire to have the EEOC assist in remedying the discrimination she alleged. See Exhibit 1 (Allegations of Discrimination – "Notification" – at 6). That Notification possibly could be considered as a "request for the agency to take remedial action to protect [her] rights or otherwise settle a dispute between [Amtrak and herself]," Holowecki at 1158, and certainly the Charge itself, filed on January 26, 2006, qualifies as such a request.

### B. Plaintiff's Promotion Claims Are Time-Barred.

The Form 283 filled out by Plaintiff on November 10, 2005, was not sufficiently a charge under Holowecki, and therefore did not satisfy the procedural requirement of filing within 300 days of the alleged discriminatory or retaliatory failure to promote. The 300-day window began to run on January 16, 2005, i.e., the date Amtrak hired Monika Sloane ("Sloane").[1] The Notification that satisfied Holowecki was filed on December 21, 2005. See Exhibit 1. Thus, a total of 338 days elapsed between the time of Sloane's hire and the Notification filing. Further,

---

[1] Beckham correctly points out that Sloane's date of hire was January 16, 2005, rather than January 15, 2005, as Amtrak had stated in its Motion To Dismiss. Amtrak agrees with Beckham that the 1-day difference is immaterial in that it does not impact the relevant legal analysis.

3

there is no dispute that Beckham did not file her Charge until January 26, 2006, a full 376 days after the 300-day clock began to run.  See Defendant's Motion To Dismiss, Exhibit 1.

Accordingly, whatever the underlying merits of her claims, Plaintiff did not exhaust her administrative requirements on November 10, 2005, as alleged.  At the earliest, Plaintiff met this obligation on December 21, 2005, well outside her 300-day window.  Thus, the failure to promote claims in her Complaint must be dismissed.

      C.      **Plaintiff's Reimbursement Claims Are Time-Barred**

As is the case with her failure to promote claims, Plaintiff's claims with respect to denial of training classes and corresponding reimbursement are time-barred.  In her Opposition, Plaintiff conveniently dated Amtrak's allegedly discriminatory denial of reimbursement for training classes as occurring in or around March 2005 in an effort to demonstrate timely filing.  See Opposition at 8.  Plaintiff, however, only cites to her unsupported declaration that any such denial in March 2005 occurred.

By contrast, there is ample evidence at this early stage of the litigation that the relevant time period is July 2004.  Indeed, Plaintiff had already alleged in her Complaint that her requests for reimbursement for training classes were made and denied in July 2004.  See Charge.  In addition, there is documentation demonstrating that her reimbursement request was made and denied in that time period.  See Defendant's Motion to Dismiss, Exhibits 5, 6 and 7.  There is no such documentation or record of a denial of reimbursement for training classes in March 2005 other than Plaintiff's convenient amendment to her previous claims.

July 2004 is the date of the alleged discriminatory denial of training classes and corresponding reimbursement.  It is undisputable that neither the Charge Questionnaire, nor the Notification, nor the Charge was filled out or filed to comply satisfactorily with the 300-day

window for Plaintiff's July 2004 denial of training claims. As such, Plaintiff's claims regarding denial of training classes and corresponding reimbursement should be dismissed as untimely filed.

## II. PLAINTIFF'S OTHER ALLEGATIONS FAILED TO STATE A CLAIM.

### A. Plaintiff Fails To State a Claim for Race Discrimination

Plaintiff's Opposition does not remedy her failure to state a claim for race discrimination in her Complaint. See Opposition at 9. The allegations of Paragraph 15.b., even as Plaintiff proposed to amend them, are nebulous and vague and fail to rise to the level of a cognizable claim. Indeed, as Amtrak pointed out in its Motion To Dismiss, "[n]ot everything that makes an employee unhappy is an actionable adverse action." Jones v. Billington, 12 F.Supp.2d 1, 13 (D.D.C.1997). Burton v. Batista, 339 F.Supp.2d 97 (D.D.C. 2004) (not everything that makes an employee unhappy is an adverse employment action under Title VII). It is apparent that Plaintiff does not agree and is unhappy with Amtrak's alleged decision not to afford her every accommodation and perk she sought or seeks, but Paragraph 15.b. of the Complaint, as amended, is not a basis for relief because it does not sufficiently amount to an adverse employment action.[2]

Plaintiff's claim regarding Amtrak's allegedly discriminatory denial of the ability for her to work at home also must fail because it is not actionable. Indeed, unless an employee "experiences adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities," there is not a cognizable adverse employment action. Forkkio v. Powell, 306 F. 3d 1127, 1130 (D.C.Cir.2002) (citing Brown v. Brody, 199 F.3d 446, 457 (D.C.Cir.1999). Plaintiff's claim that Amtrak denied her ability to work at home falls well

---

[2] It is notable that by contrast, Plaintiff was able to be more specific in asserting her claims regarding failure to promote and denial of reimbursement than she was in Paragraph 15.b. (though they must be dismissed for lack of timeliness).

short of establishing the type of adverse employment action needed to be legally cognizable. Forkkio at 1132.

### B. Plaintiff Fails To State a Claim for Retaliation.

As stated above and in Amtrak's Motion To Dismiss, while Plaintiff disagrees with Amtrak's vaguely alleged decision to change her work responsibilities and deny her the ability to work at home, they are not adverse employment actions actionable under Title VII.[3]

Moreover, there is no temporal causal connection between Plaintiff's involvement in the McLaurin class action and those decisions. In a retaliation action under Title VII, generally the temporal proximity between the employee's involvement in protected action and the allegedly adverse employment action "must be 'very close.'" Robinson v. Gonzales, 2006 WL 1102881, *6 (D.D.C.) (quoting Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001)). The definition as to what is "very close" does not have an exact measurement, but eleven months, and even a shorter period, for example, are "too great to permit temporal proximity alone to establish causation." Robinson at *6.

The McLaurin Consent Decree was entered into in 1999. In effect, all complaints and claims in the plaintiffs' class action were settled and resolved as of that date and would arguably be the "protected activity." The claims that Plaintiff raises in her Complaint involve Amtrak's alleged actions that occurred well after the Consent Decree, *i.e.*, a period of five or more years, not at all "very close" to the date of the Consent Decree. Plaintiff is unable to, and has not alleged any action she has undertaken since McLaurin that would arguably be protected activity.

---

[3] Plaintiff misreads Amtrak's argument with respect to her retaliation claim. Amtrak argued in its Motion To Dismiss that Plaintiff's claims as to other benefits and favorable conditions to employment were not actionable because those decisions were temporally remote from the date of engagement in protected activity. See Opposition at 12. Amtrak did not argue that Plaintiff's failure to promote claim must be dismissed for failure to state a claim for retaliation.

It cannot possibly be said that such period is brief enough to represent or establish a causal connection between Plaintiff's engagement in the protected activity and Amtrak's decisions.

Assuming *arguendo* that the date of the expiration of the Consent Decree, November 2004, started the causal connection clock for purposes of establishing a retaliation claim, there was still a four-month gap until the alleged adverse employment actions. Generally speaking, four months is not a sufficient period of time to establish a temporal causal connection in retaliation claims. See, e.g., Baker v. Potter, 294 F.Supp.2d 33 (D.D.C. 2003) (two-month gap between protected activity and adverse action insufficient to establish temporal connection).

Accordingly, Plaintiff has failed to state retaliation claims under Title VII and such claims must be dismissed.

### III.   CONCLUSION

For all the foregoing reasons, and in consideration of Defendant's Motion To Dismiss, Plaintiff's Opposition, and Defendant's Reply, Defendant respectfully requests that its Motion To Dismiss any and all claims contained in Plaintiff's Complaint be granted.

                            Respectfully submitted,

                            TOBIN, O'CONNOR & EWING

                            By:    /s/ David C. Tobin_____
                                    David C. Tobin, Esq., D.C. Bar #395959
                                    Desmond T. McIlwain, Esq.; Via Pro Hac Vice Admission
                                    Forrest G. Read, Esq., D.C. Bar # 494450; Via Pro Hac Vice Admission
                                    5335 Wisconsin Avenue, N.W., Suite 700
                                    Washington, D.C.  20015
                                    Tel:  (202) 362-5900
                                    Fax:  (202) 362-5901
                                    dctobin@tobinoconnor.com
                                    dtmcilwain@tobinoconnor.com
                                    fgread@tobinoconnor.com
                                    *Counsel for Defendant National Railroad Passenger Corp.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 16th day of June, 2008, a true and correct copy of the foregoing was served by first-class, postage pre-paid U.S. mail to:

Gary T. Brown, Esq.
Gary T. Brown & Associates
1111 - 14th Street, N.W., Suite 1000
Washington, D.C.  20005


                                                /s/ David C. Tobin_____
                                                David C. Tobin

# ALLEGATIONS OF EMPLOYMENT DISCRIMINATION

Please immediately complete the entire form and return it to the U. S. Equal Employment Opportunity Commission ("EEOC"). Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses will delay further processing of your charge by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 300 days of the alleged discrimination.

**PERSONAL BACKGROUND INFORMATION:**

Name: Mr./Ms. _Pamela Jane Montgomery_
Address: _2822 Claybrooke Drive_
_Windsor Mill Maryland 21244_
Phone Number: (day) _303 683-2127_ (night) _410 265-8305_
Date of Birth: _11-16-1957_ Soc. Sec. #: _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_ Race _Black_

**RESPONDENT INFORMATION** (Employer, union, employment agency against whom the charge is being filed)
Respondent Name _Amtrak_

Address (If employer, location where you actually worked or sought employment - If you worked out of your home, state that, and give the full address of the company home office or headquarters; if union or employment agency, give address where you conducted business.)
_15 South Poplar Street, First Floor_
City/State/Zip Code _Wilmington, Delaware 19806_
Telephone Number _302-683-2127_ County _____
Approximate total number of employees _Five person within our group_
Type of business _Transportation_

**DATE OF HARM** (last date any harm which you consider discriminatory happened):
_December 21, 2005 Monika Sloan out of the office never notified me_ (Must be completed)
**TYPE OF HARM** (the kind of adverse action that happened to you, for example, discharge, denial of hire, harassment):
_harassment/discrimination_

**BASIS** Check the basis for your complaint (*the reason you believe the action was taken against you*).
(✓)race     ( )color     ( )religion     ( )sex
( )national origin   ( )age   ( )disability   (✓)retaliation

Identify yourself in terms of the basis or bases you checked, for example, "I am black" or "I am a disabled person."
- _I am black_
- _I file a previous claim (Sprenger + Lang)_

If you checked "retaliation," have you ever previously filed a charge with EEOC or another civil rights agency or complained to your employer about discrimination?  (✓)yes  ( )no

If yes, please explain: _In 1999 I file charges of discrimination against Darcel Kogar and Thom Chawluk with Sprenger + Lang (attorneys)_

If none of the above bases applies, describe the reason you believe the action was taken against you:
_N/A._

**EXHIBIT 1**

10/02

## ALLEGATIONS OF DISCRIMINATION (p. 2)

**EMPLOYMENT HISTORY** (for example, date of hire, position hired into, title of each position held, dates in each position; or date employment sought and position applied for):

- Service Manager 1995-2000
- Project Manager 2000-2002
- Program Manager, Service Standards and Operations - 2002-Present

**BRIEF EXPLANATION OF WHAT OCCURRED** Give a description of the events leading to the incidents of harm and describe in detail the harm that occurred: when did it happen, who did it, how did it happen, where did it happen? Be sure to give names and titles of persons involved, incidents and dates of each incident, and any details which support your complaint.

See Attachment: United State Equal Employment Opportunity Commission date December 19, 2005.

## ALLEGATIONS OF DISCRIMINATION (p. 5)

**WITNESSES** who you believe can provide relevant information regarding any of your allegations of discrimination. Give name, home telephone number, address if known, and a brief explanation of what each person should be able to tell EEOC.

Desiree Ross - 302-683-2450, will be able to provide differential treatment.

Solomon Carey - 302-683-2067 will be able to provide information on differential treatment.

Eddie Valentini 215-349-3137 (Same as above)

Nickel Hampton - 302-683-2017 (Same as above)

**CONTACT PERSON** Please provide the name of an individual at a different address who is in the local area and who would know how to reach you.

Name  Alice Wenston                Relationship  Sister
Address  1508 Rawlings Drive
City  Catonsville                  State  MD   Zip Code  21228
Area Code/Telephone Number  410-788.8445 / 443-250.3483

ALLEGATIONS OF DISCRIMINATION (p. 6)

**ADDITIONAL INFORMATION**

1. Choose one of the following:
   a) (✓) I want to file a charge.
   b) ( ) I DO NOT WANT to file a charge at this time.
   c) ( ) I want to speak with an EEOC Representative before this is filed as a charge.

I can be contacted at (area code/telephone number) _410-265-8305 / 410-967-1930_.

The best days and times to contact me are _Mon-Fri after 4:00pm_.

2. Indicate which of the following applies:
   a) (✓) I have not filed a charge with any other agency concerning these same matters.

   b) ( ) I have filed a charge with the agency/agencies named below concerning these same matters:
      Name of Agency _____
      Date Filed _____
      Agency docket number _____

   c) ( ) I am scheduled for an interview with the agency named below:
      Name of Agency _____
      Date of Scheduled Interview _____
      Location of Interview _____
      Name of Interviewer _____

   d) ( ) I have received a Questionnaire to be completed from the agency named below:
      Name of Agency _____

   e) ( ) I mailed the Questionnaire back to the agency named above on or about:
      _____

_Ms. Pamela Montgomery_   _December 21, 2005_
Signature                  Date