## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PAMELA MONTGOMERY BECKHAM,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 08-172 (RMC)** |
| **NATIONAL RAILROAD PASSENGER CORPORATION,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM OPINION

Pamela Montgomery Beckham sues Defendant National Railroad Passenger Corporation (Amtrak) for a failure to promote and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, on the basis of her race. On December 10, 2008, the Court denied Amtrak's motion to dismiss, finding that Ms. Beckham had timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"), despite her having failed to timely file a formal "Charge of Discrimination," because her completed and timely filed "Charge Questionnaire" was sufficient to constitute a "charge." *See* Dkt. # 10. However, at the Initial Scheduling Conference held in open Court on February 20, 2009, the Court questioned whether Ms. Beckham complained of a racially discriminatory failure to promote in the Charge Questionnaire and ordered the parties to brief the issue, *see* Dkt. # 16, which the parties have now done. For the reasons explained herein, the Court finds that the Charge Questionnaire is too vague and circumscribed to constitute a complaint of a racially discriminatory failure to promote,

and the failure to promote claim will be dismissed.

## I.  FACTS[1]

Ms. Beckham is an African-American woman who has been employed by Amtrak since 1989.  She was initially hired as a Train Attendant and is currently a Senior Analyst in the Office of Service Standards located in Wilmington, Delaware.

On November 10, 2005, Ms. Beckham completed and filed a Charge Questionnaire with the EEOC.  In response to the question "[w]hat action was taken against you that you believe to be discriminatory?[,]" Ms. Beckham answered:[2]

> Hired white female that I am presently training in the Service Standards department:  White female (Monika Sloane) . . . .  When Monika was given the job of Director of Service Standards I was told before she came that they needed someone up and running.  Well all the program[s] that she works with have been self taught.  While I am attending school (Villa Julie College) to get my Master['s] and have learned these same program[s].  Where I feel I have the up on Monika is that I know Standards and have been writing them (with the assistance of the various departments) for nearly five years.

Pl.'s Opp'n to Def.'s Mot. to Dismiss Failure to Promote Claim ("Pl.'s Opp'n"), Ex. 1 (Plaintiff's completed Charge Questionnaire).  The Charge Questionnaire was filed 299 days after Amtrak hired Ms. Sloane, just one day shy of the 300 days within which Ms. Beckham was required to file with the EEOC.[3]  It is the only one of Ms. Beckham's filings that was timely filed with respect to her

---

[1] For a more complete recitation of the facts concerning Ms. Beckham's other allegations, see the Court's December 10, 2008 Memorandum Opinion [Dkt. # 10].

[2] Ms. Beckham's response was in her own handwriting, and the Court has done its best to transcribe what she wrote accurately.

[3] The parties agree that Ms. Sloane was hired on January 16, 2005. Because Delaware is a "deferral state," Ms. Beckham had 300 days from the time of the alleged discriminatory act to file a charge with the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1); *Riley v. Del. River & Bay Auth.*, 457 F.

failure to promote claim.

On December 19, 2005, Ms. Beckham wrote a letter to the EEOC explaining that "[a]fter more than a year of racial job discrimination and harassment, on November 10, 2005[,] I found no other alternative except to visit the Equal Employment Opportunity Commission to file a formal complaint." Pl.'s Opp'n, Ex. 4 (Plaintiff's December 19, 2005 Letter to EEOC). She elaborated that:

> On October 31, 2004[,] I submitted my application and resume for the position of Direction [sic] of Service Standards & Operations (Job Reference # 50184625). When several weeks had gone by and I had not been notified as to the date I would be interviewing I spoke to Mr. Nogar, Senior Director of Service Delivery . . . [a]t which time he informed me that he would not be interviewing me because he needed someone with graphic arts background. . . . [T]he previous summer (July 2004) I began working towards my Master's in Advance[d] Business Information Technology (I am expected to graduate May 2006) at Villa Julie College, in Stevenson, Maryland. . . . I was [also] taking classes in graphic art and design. So I was a little surprise[d] to hear that I was not qualified for either an interview or the position. David Nogar hired Monika Sloane in [sic] the position of Director of Service Standards & Operations on January 15, 2005 . . . . Consequently I felt that Mr. Nogar wrote the job description purposely this way as to eliminate me as a candidate. . . . In my opinion this was a deliberate attempt (and it worked) to keep an African American (including myself) from obtaining the position. David Nogar hired a director that has to be directed by her subordinate.

*Id.* at 1-2.

On December 21, 2005, Ms. Beckham filed a "Selection Questionnaire" with the EEOC. *See* Pl.'s Opp'n, Ex. 5 (Plaintiff's completed Selection Questionnaire). In response to the

Supp. 2d 505, 510 (D. Del. 2006). A cause of action for failure to promote under Title VII accrues when the employer fills the position. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 428 n.2 (4th Cir. 2004).

prompt "[n]ame of position you applied for" she wrote "Director of Service Standards + Operations." *Id.* at question 1. She said she applied for the position in writing on October 31, 2004, *see id.* at questions 6 & 7, but that "I was never granted an interview, though I had been the incumbent." *Id.* at question 9. Ms. Beckham said that Monika Sloane, a white female, was selected and that she believed she was not selected because of her race. *See id.* at questions 15, 16 & 20.

On January 26, 2006, Ms. Beckham filed a formal "Charge of Discrimination" with the EEOC. *See* Def.'s Mem. in Supp. of Mot. to Dismiss Complaint, Ex. 1 (Plaintiff's completed Charge of Discrimination). She charged:

> Mr. Nogar denied me the opportunity to compete for the vacancy for which Ms. Sloane was selected. I was denied the opportunity to interview because I did not meet one of the requirements indicated on the job posting. Upon information and belief, I was not selected because I lacked graphics skills as Mr. Nogar wanted the selected individual to be able to come into the job up and running. More specifically, 85% if [sic] the job was graphics [and] 15% service standards. Ms. Sloane, the successful candidate[,] was not able to perform the functions of the job and spent much of her time training and taking courses which allowed her to perform her duties.

*Id.* at 2.

The EEOC investigated the charge and determined that reasonable cause exists to believe that Amtrak violated Title VII. Compl. ¶ 17. On October 29, 2007, the EEOC issued a Notice of Right to Sue to Ms. Beckham. *Id.* ¶ 19. On January 29, 2008, Ms. Beckham filed this lawsuit alleging, *inter alia*, that Amtrak discriminated against her on the basis of race by failing to promote her. *Id.* ¶¶ 12-14 & Count I.

## II.  LEGAL STANDARD

Amtrak does not specify whether it is moving to dismiss Ms. Beckham's failure to promote claim under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).  The substance of the motion is that Ms. Beckham failed to exhaust her administrative remedies as to that claim because the Charge Questionnaire did not complain about a racially discriminatory failure to promote.  While the recent trend in this district is to treat motions to dismiss for failure to exhaust Title VII administrative remedies as motions to dismiss for failure to state a claim under Rule 12(b)(6),[4] the Court will treat Amtrak's motion as a motion for partial summary judgment under Rule 56 because resolution of the motion requires the Court to look outside the pleadings.  *See* Fed. R. Civ. P. 12(d).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.

---

[4] *See*, *e.g.*, *Marcelus v. Corr. Corp. of Am.*, 540 F. Supp. 2d 231, 234-35 & n.4 (D.D.C. 2008).

*Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.* at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  ANALYSIS

"The statutory scheme of Title VII requires a plaintiff to exhaust his or her administrative remedies before a civil action may be filed in federal court."  *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 12 (D.D.C. 2008).  "To do so, an aggrieved party must file a charge with the EEOC alleging that the employer has engaged in an unlawful employment practice."  *Id.*  "A Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'"  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)).  "A vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not fairly embrace."  *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997).  "Naturally every detail of the eventual complaint need not be presaged in the EEOC filing, but the substance of . . . a Title VII claim . . . must fall within the scope of 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  *Id.* (quoting *Park*, 71 F.3d at 907).

The Court finds that the allegations in the Charge Questionnaire are, in and of themselves, too vague and circumscribed to constitute a complaint of a racially discriminatory failure to promote.  Ms. Beckham complained only that Amtrak hired Ms. Sloane, a white female, and that Ms. Beckham was required to train her even though Ms. Sloane was supposed to be "up and running."  Ms. Beckham  made no allegation that Amtrak hired Ms. Sloane into a position for which Ms. Beckham had applied or that Ms. Sloane was selected over Ms. Beckham because of racial considerations.  Those allegations are not mere peripheral details that may be omitted from a  failure to promote charge; they are indispensable allegations that form the basis of the charge.

The issue remains whether Ms. Beckham's subsequent EEOC filings may be considered amendments to the Charge Questionnaire that "clarify and amplify allegations made therein."  29 C.F.R. § 1601.12(b).[5]  "[T]hese additional allegations cannot expand the scope of the allegations in [Plaintiff's] original charge; they only may 'clarify or amplify' the allegations in the charge."  *Cheek*, 31 F.3d at 503.  The Court finds that Ms. Beckham's subsequent EEOC filings do more than "clarify and amplify" her allegations in the Charge Questionnaire; they expand the scope of her allegations by adding crucial facts not found in the Charge Questionnaire.  Accordingly, they do not constitute amendments to the allegations in the Charge Questionnaire but rather new allegations.  Because these subsequent allegations were not timely filed with the EEOC, Ms. Beckham cannot raise them here.

---

[5] "Such amendments . . . will relate back to the date the charge was first received."  29 C.F.R. § 1601.12(b).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Amtrak's motion for partial dismissal

[Dkt. # 18] and will dismiss the failure to promote claim.  A memorializing Order accompanies this

Memorandum Opinion.


DATE: July 21, 2009                    _____/s/_____
                                       ROSEMARY M. COLLYER
                                       United States District Judge